# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6863 | **DATE** | 11-28-2011 |
| **CASE TITLE** | Bobby Heard (#2011-0815216) vs. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff Bobby Heard's motion for leave to file the complaint *in forma pauperis* [3] is denied without prejudice. The complaint [1] is dismissed without prejudice. Heard has until 12/27/2011 to: (1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee; and (2) submit an amended complaint in accordance with this order. The Clerk is requested to send to Heard an *in forma pauperis* application and an amended complaint form, along with a copy of this order. Heard's failure to comply with this order by 12/27/2011 will result in the dismissal of this case. Heard's motion for the appointment of counsel [4] is denied without prejudice.

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

Plaintiff Bobby Heard, previously a Stateville Correctional Center inmate who is now incarcerated at the Cook County Jail, filed this 42 U.S.C. § 1983 against various Stateville officers and employees. medical personnel, grievance officers, and warden. The complaint alleges as follows. Officer Medina "rais[ed] his foot up and stomp[ed] the back of Plaintiff['s] arm that was hanging out of the chuckhole [of his] cell." Medina's shoe made contact with Heard's arm just above his elbow and broke skin. Heard called for emergency attention. Medical Technician Miner arrived, gave Heard Tylenol and ice, and told him that nothing more could be done until a doctor arrived the following morning. Medical Technician Bailey also told Heard that no further treatment was available until Heard could see the doctor in the morning. Heard waited six hours before a doctor examined him. Heard's grievances and letters seeking an investigation of Medina's use of force were either denied or ignored by Warden Hardy, Superintendent Ingleson, and Grievance Officer Amy Gomez.

Heard's *in forma pauperis* ("IFP") motion includes a copy of his trust fund account only up to May 2011. The IFP application thus does not provide current financial information. The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If Heard is unable to prepay the $350 filing fee, he may submit an IFP application, on this court's form, to pay the fee in installments. To enable the court to determine if Heard qualifies as a pauper and to assess an initial partial filing fee, his application must include both a certificate from an authorized officer at the facility where he is currently incarcerated and "a certified copy of the trust fund account statement … for the prisoner for the 6-month period immediately preceding the filing of the complaint … , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Heard's failure to submit a completed IFP application or prepay the $350 filing fee by December 27, 2011, will result in the dismissal of this case. N.D. Ill. Local Rule 3.3(e).

Additionally, Heard's complaint cannot proceed as currently drafted. First, a § 1983 civil rights complaint must be on this court's form. N.D. Ill. Local Rule 81.1. Second, Heard's allegations fail to state a valid constitutional claim to support a § 1983 action. A complaint's "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere labels, legal conclusions, and a formulaic recitation of the elements of a cause of action are insufficient. *Bell Atl. Corp.*, 550 U.S. at 555.

## STATEMENT

Heard's complaint attempts to assert three claims: (1) Officer Medina's placement of his shoe on Heard's elbow constituted excessive force; (2) Medical Technicians Miner and Bailey acted with deliberate indifference to Heard's resulting injury; and (3) Warden Hardy, Superintendent Ingleson, and Grievance Officer Amy Gomez did not properly address Heard's complaints about the incident. All three fail to state a viable claim.

Heard's allegations that he had to wait six hours until the morning to see a doctor for his injury does not state a claim of deliberate indifference. Although a delay in treatment for a serious medical need can constitute deliberate indifference, *see Langston v. Peters*, 100 F.3d 1235, 1241 (7th Cir. 1996), it is clear from Heard's allegations that the six-hour delay cannot demonstrate deliberate indifference. The complaint alleges that Medina's stomping or kicking of Heard's arm broke the skin just below the elbow and caused swelling, throbbing, and a loss of sleep that night. The complaint further alleges that Heard received an ice pack and pain medication that evening and had to wait six hours until morning to see a doctor, who prescribed Ibuprofen and an x-ray. Assuming Heard's allegations are true and liberally reading his complaint, he cannot establish deliberate indifference. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995) (a delay of several hours for an x-ray and examination for a broken bone was not unreasonable); *see also Langston*, 100 F.3d at 1241.

As to Heard's claim that Stateville officials ignored his grievances and complaints about the Medina incident, there is no substantive due process right to a jail's grievance procedure. *See Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Heard had no constitutional right to have his grievances heard or to have any actions taken against Medina.

As to Heard's allegation that Officer Medina used excessive force, an excessive force claim exists "[w]hen prison officials maliciously and sadistically use force to cause harm," as opposed to the use of reasonable force to maintain order. *Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178 (2010) (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). However, "[e]ven if an officer's use of force serves no good-faith disciplinary purpose, the force may be so '*de minimis*'" that it does not violate the Eighth Amendment. *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citing *Hudson*, 503 U.S. at 10). "[N]ot every push or shove by a prison guard violates a prisoner's constitutional rights." *DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000). Heard's current allegations – that Medina "rais[ed] his foot up and stomp[ed] the back of plaintiff['s] left arm that was hanging out of the chuckhole cell 313, right by plaintiff's elbow breaking the skin" – indicate only *de minimus* force.

For the reasons stated above, Heard's complaint is dismissed. The dismissal is without prejudice, and Heard is allowed leave to submit an amended complaint, one that actually states a viable claim against one, some, or all of the Defendants. Heard is advised that an amended complaint replaces a previously filed complaint and must stand complete on its own. The court will not refer to prior complaints to determine the claims or parties to this suit. Therefore, Heard must include in the amended complaint all the claims he seeks to raise and list all the defendants he seeks to sue. Heard is further advised that he must submit an original, a judge's copy, and a service copy of his complaint for each defendant.

To summarize, Heard has until December 27, 2011, to both: (1) fulfill the filing fee requirement, either by submitting a complete IFP application or by prepaying the $350 filing fee; and (2) submit an amended complaint that states a valid claim. Plaintiff's failure to comply with this order will result in the dismissal of this case. The clerk is requested to send Heard an IFP form and an amended complaint form.

Given this disposition, Heard's motion for the appointment of counsel is denied without prejudice. Heard may re-file his motion if he is found to have fulfilled the filing fee requirement and submitted a complaint that states a viable claim.