Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6863 | **DATE** | 3-5-2012 |
| **CASE TITLE** | Bobby Heard (#2011-0815216) vs. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff Bobby Heard's motion for leave to file the complaint *in forma pauperis* [8] is granted. The trust fund officer at Heard's place of confinement shall make deductions from Heard's inmate trust account in accordance with this order. Heard may proceed with his amended complaint [7] against Stateville Officer Medina, and the Clerk shall issue summons for service of the amended complaint on Medina. The U.S. Marshals Service is appointed to effectuate service of summons. All other Defendants are dismissed. Heard's motion for the appointment of counsel [9] is denied, as such an appointment is not warranted at this time.

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

    Plaintiff Bobby Heard, previously a Stateville Correctional Center inmate who is now incarcerated at the Cook County Jail, has submitted a completed *in forma pauperis* ("IFP") application and an amended 42 U.S.C. § 1983 complaint in accordance with the court's 11/28/2011 order.

    The IFP application contains a copy of a more recent trust fund account, from which the court is able to determine that Heard cannot prepay the $350 filing fee. The court grants his IFP motion and assesses an initial partial filing fee of $4.20. The trust fund account officer at Heard's place of confinement is authorized to collect, when funds exist, the partial filing fee from Heard's account and pay it to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from Heard's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10, until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Heard's name and the case number assigned to this action. Heard shall remain responsible for this filing fee obligation, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event he is transferred to a different facility.

    As to Heard's amended complaint, he has elaborated on his excessive force claim. The amended complaint alleges that while Heard had his arm outside the chuckhole of his cell, Officer Medina "kicked and stomped" on his arm, causing it to bleed. (Am. Compl. at 4.) Heard alleges that the use of force was not to restore or maintain order, but was an intentional infliction of harm for "a perceived insult." (*Ibid.*) This states a colorable cause of action against Officer Medina, such that Medina must respond to the complaint. *See Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178 (2010); *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). The other Defendants are dismissed, as the amended complaint makes no allegations against them.

    The Clerk shall issue summons for service of the complaint on Stateville Correctional Officer Medina. The Marshals Service will send Heard the service forms he must complete, and Heard will complete those forms and return them to the Marshals Service. Heard's failure to return those forms may result in the dismissal of Medina as a defendant. The Marshals Service is directed to make all reasonable efforts to serve the complaint. If Medina is no longer employed at the prison, Stateville officials shall furnish his last known address, which shall be used only to effectuate service, and which shall neither be kept in the court file, nor disclosed by the Marshal. The

| STATEMENT |
|---|
| Marshal may mail a request for waiver of service to Hardy pursuant to Fed. R. Civ. P. 4(d)(2). If unable to obtain a waiver, the Marshal shall attempt personal service.<br>      Heard must file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Heard must provide the court with the original plus a judge's copy, including exhibits, of every document filed. Copies of court filings must be sent to Medina or his attorney, if one has entered an appearance. All court filings must include a certificate of service stating to whom copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court.<br>      Heard's motion for the appointment of counsel is denied without prejudice. The case at the present time does not involve complex discovery or an evidentiary hearing, and Heard's pleadings indicate that he is capable of proceeding *pro se* with his case at this stage of the proceedings. His motion for the appointment of counsel is therefore denied without prejudice. *See Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007). |